**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| COURTNEY MALONE, | Case No: 1:16-cv-1004 |
| Plaintiff, | Black, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff's motion for attorney's fees has been referred to the undersigned for initial review. Defendant does not oppose the additional fee request. I now recommend that the pending motion be GRANTED.

**I.   Background**

Through counsel, Plaintiff filed this judicial appeal of the Commissioner's denial of Plaintiff's application for disability insurance benefits ("DIB"). In March 2018, this Court reversed and remanded for further review under sentence four of the Social Security Act. (*See* Docs. 16, 17). In May 2018, the Court granted the parties' joint stipulation/motion for attorney's fees and expenses under the Equal Access for Justice Act ("EAJA"). (Docs. 20, 21). On October 6, 2019, the Social Security Administration issued a Notice of Award. (Doc. 26-2). Plaintiff's counsel timely filed a motion seeking an additional fee award under the provisions of the Social Security Act, 42 U.S.C. §406(b), on July 27, 2020.[1] On August 26, 2020, the Commissioner filed a response stating that the Commissioner does not

---

[1] Local Rule 54.2(b) specifies that a motion for attorney's fees under the Social Security Act must be filed in this Court within forty-five days of the Notice of Award. However, Plaintiff's counsel sought and was granted four extensions of time.

oppose the additional fee award.

**II.    Analysis**

Fees under the provisions of the Social Security Act are paid from Plaintiff's past-due benefits award. Courts therefore have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). In this case, 25% of the past due benefits award yields a maximum fee of $ 9,406.50. Counsel states that he has already received $ 6,000 in fees from SSA for work performed at the administrative level, and explains that he has voluntarily subtracted that sum from the total award he seeks from this Court.[2] In addition, as required by law, counsel has offset his prior EAJA fee award in the amount of $ 2,850.00.[3] Thus, although the total *gross* fee sought by counsel in the pending motion is equivalent to $3,406.50 when the EAJA payment is included, counsel seeks a net award of just $ 556.50 ($ 9,406.50 - $ 6,000 - $ 2,850 = $ 556.50).

In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee up to the statutory maximum avoids a windfall and is "reasonable," including: (1) the *Hayes* test;[4] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel

---

[2] While laudable insofar as counsel's subtraction of the administrative award allows the plaintiff to retain a larger share of her past-due benefits award, the statutory language does not require such subtraction. *See generally Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that 25% statutory cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."); *see also Ringel*, *supra*, noting that the compromise of a full fee award is a factor favoring approval of any motion.
[3] If the EAJA award were not subtracted as an offset, counsel would be required to refund the prior EAJA fee to the client in order to avoid a double-recovery for the same work.
[4] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

2

has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. In accord with the *Ringel* guideposts, the undersigned first calculates the hypothetical hourly fee in order to assess it under the Sixth Circuit's longstanding *Hayes* test.

Counsel expended 16.75 hours on work performed in this Court in the above-captioned case. The proposed total gross fee award for that work ($ 3,406.50) divided by the number of hours expended (16.75) yields a hypothetical hourly fee of $ 203.37. That hypothetical hourly rate falls well below the *Hayes* guideline of a "*per se* reasonable" fee. *Hayes*, 923 F.2d at 422. Where there is no objection and the proposed award is reasonable under the *Hayes* test, "the windfall analysis is complete." *Ringel*, 295 F. Supp.3d at 829.

### III. Conclusion and Recommendation

Plaintiff's motion should be granted in full because the requested fee is within the 25% statutory cap on fee awards and is otherwise reasonable. Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for an award of attorney's fees (Doc. 26) be **GRANTED IN FULL**, with counsel to be awarded the additional net fee of **$ 556.50** under 42 U.S.C. § 406(b).

                                                *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| COURTNEY MALONE, | Case No: 1:16-cv-1004 |
| Plaintiff, | Black, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).